**Timothy Wayne MARION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1051–82.**

Court of Criminal Appeals of Texas, En Banc.

March 1, 1983.

Gary Norwood, on appeal only, Midland, for appellant.

Vern Martin, Dist. Atty., and Steven W. Bruneman, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION CONCURRING WITH REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The portion of the application paragraph that authorized the jury to convict under the law of parties instructed:

"... or if you find from the evidence beyond a reasonable doubt that Charles Brown and Kenneth Marion, or either of them, in Midland County, Texas, on or about the 26th day of October, 1980, did intentionally or knowingly without the effective consent of Russell Brooks, the owner thereof, enter a habitation with intent to commit theft and that the defendant, Timothy Wayne Marion, knew of the intent, if any, of said Charles Brown and Kenneth Marion, or either of them, to enter the habitation of said Russell Brooks and acted with intent to promote or assist the commission of the offense by Charles Brown and Kenneth Marion, or either of them, to commit the offense of entering the habitation of said Russell Brooks, then you will find the defendant, Timothy Wayne Marion, guilty of burglary of a habitation as charged in the indictment."

The problem I see with the instruction is, though full of intent and knowledge on the part of appellant, it is bereft of an act done by him.

V.T.C.A.Penal Code, § 7.02(a)(2) prescribes when an accused may be held criminally responsible for conduct of another, *viz*:

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense ... " [Emphasis added]

None of the underscored action is included in the instruction quoted above. Compare Texas Criminal Pattern Jury Charges, CPJC 7.02(a)(2); Willson's Criminal Forms, Morrison & Blackwell, § 84.01, 9 Tex.Practice 173; McClung, Jury Charges for Texas Criminal Practice (Revised Edition January 1981) P.C. Sec. 7.01, pp. 11–12.

However, since appellant did not raise a question about such omission, the Court of Appeals, 642 S.W.2d 55, did not allude to it and the majority of this Court are unwilling to address the defect, I reluctantly concur with refusal of the petition. I write to point to what seems to be a serious deficiency in the application paragraph, to the end that this one is not imitated.

ODOM, TEAGUE and CAMPBELL, JJ., join.